```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KEVIN WILLIAMS                                    CIVIL ACTION

VERSUS                                            NO. 14-2420

STATE FARM MUTUAL AUTOMOBILE                      SECTION "B"(2)
INSURANCE COMPANY
```

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Remand.[1] Defendant, State Farm Mutual Automobile Insurance Company has filed a response in opposition.[2] The Court directed Plaintiff to submit a binding affidavit in support of the Motion for Remand.[3] Subsequently, Plaintiff filed a Reply Memorandum, including a Joint Irrevocable Stipulation and Renunciation of Right to Enforce Judgment and Claims.[4]

Accordingly,

**IT IS ORDERED** that the Motion be **GRANTED** and that this matter be **REMANDED** back to the state court for further proceedings.

I.  Facts and Procedural History

On April 18, 2013, Kevin Williams ("Plaintiff") purchased a 2013 Toyota Tundra truck ("the vehicle") and Defendant, State

---

[1] Rec. Doc. No. 9.
[2] Rec. Doc. No. 22.
[3] Rec. Doc. No. 21.
[4] Rec. Doc. No. 23., 23-5 at 1.

Farm Mutual Automobile Insurance Company ("State Farm") issued an insurance policy on the vehicle. On July 4, 2014, the vehicle was stolen, and Plaintiff reported the theft to the police in New Orleans, Louisiana. The following day, Plaintiff notified his insurer of the loss and they issued a claim number to him.

On August 4, 2014, State Farm issued a reservation of rights notice, including the right to deny coverage in its entirety. Plaintiff retained counsel who responded by issuing a pre-suit demand for timely adjustment of his total loss claim. Sixty days after the vehicle's theft, no adjustment had been made and Plaintiff filed suit against State Farm in the Civil District Court for the Parish of Orleans, asserting claims under La. Rev. Stat. §§ 22:1892 or 22:1973. State Farm removed the matter to this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction.

Plaintiff contends that this Court lacks subject matter jurisdiction and requests that the matter be remanded to the Civil District Court, Parish of Orleans, where it was originally filed. The Court reviews the law, contentions and alleged facts concerning State Farm's Motion for Remand.

II.  Legal Standard

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original

jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds &75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

The Fifth Circuit has established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to §1332(a)(1). *Gebbia*, 233 F.3d at 883 (*citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Because, Louisiana law prohibits a plaintiff from specifying the numerical value of their damages in its petition, the removing party must prove that the amount in controversy exceeds $75,000 by a <u>preponderance of the evidence</u>. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002).

A defendant may satisfy the burden by either: (1) demonstrating that it is <u>facially apparent</u> that the claims are likely to exceed $75,000 or (2) by relying on summary-judgment type <u>evidence of facts in controversy</u> that establish the jurisdictional amount. *Luckett*, 171 F.3d at 298. The

3

jurisdictional facts that support removal must be judged at the time of the removal. *Gebbia*, 233 F.3d at 883.

A motion to remand must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28. U.S.C. § 1447(c). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court has great discretion in determining whether the jurisdictional amount has been satisfied. *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

III. Discussion

The amount in controversy is in dispute. In the Complaint, Plaintiff pleads damages as follows: (1) full value of the stolen vehicle; (2) reimbursement for alternative transportation; (3) loss of use (of the vehicle); (4) mental anguish; (5) attorney fees and case costs; and, (6) arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to La. Rev. Stat. §§ 22:1892 or 22:1973.[5]

State Farm contends that although Plaintiff has not specified an amount of damages, Plaintiff is seeking no less

---

[5] Rec. Doc. No. 1-1 at 3.

4

than $52,352.58 under the contract claim, as communicated to it by Plaintiff's counsel. In combination with reimbursement costs, damages for mental anguish, attorney's fees, and penalties under the state law provisions, the amount in controversy therefore exceeds $75,000.

Plaintiff argues that State Farm has failed to produce (1) valuation evidence on the stolen truck; and, (2) the initial cost of alternative transportation. Plaintiff contends that in correlation to La. Rev. Stat. 22:1892 or 22:1973, courts typically impose a $5,000 penalty when determining diversity jurisdiction. Plaintiff further contends that courts have observed that attorney fee awards under La. Rev. Stat. 22:1892, typically do not exceed $7,500. Therefore, Plaintiff contends that State Farm has failed to establish that the amount in controversy exceeds $75,000.

It is not facially apparent from the complaint that the amount in controversy exceeds $75,000. Therefore, State Farm must introduce evidence of facts in controversy to establish the jurisdictional amount. State Farm has brought the Court's attention to a pre-suit demand from Plaintiff's counsel stating that Plaintiff was seeking $52,352.58 in reimbursement: $49,352.58 for the value of the stolen vehicle, as well as $3000.00 for personal money hidden beneath the front seat at the time the vehicle was stolen. The bases for $49,852.58 are (1)

5

the receipt for the cash purchase of the vehicle, and (2) after sale customizations to the vehicle.[6] Plaintiff argues that the settlement demand does not constitute an admissible business record under Federal Rule of Evidence 803(6)(c).[7]

> The Court finds that Plaintiffs' pre-petition settlement demand letter is relevant evidence of the amount in controversy at the time of removal. At least two district courts within the Fifth Circuit have considered pre-petition demand letters as evidence of the amount in controversy at the time of removal. *Carver,* 2008 WL 2050987, at *2 (noting that although the Fifth Circuit "has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered as relevant evidence of the amount in controversy, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims."); *Fairchild,* 907 F.Supp. 969 at 970–71 (regarding a plaintiff's pre-petition settlement demand itemizing the amounts claimed for various categories of damages was "valuable evidence to indicate the amount in controversy at the time of removal")."

*Creppel v. Red's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at * 3 (E.D. La. July 10, 2013). However, the settlement demand itself does not establish by a *preponderance of the evidence* that the amount in controversy actually exceeds the jurisdictional amount. Moreover, whether additional damages, penalties and/or costs will be imposed, is speculative, and even taking into account the typical penalties assessed under the statutory provisions, the jurisdictional amount is still not

---

[6] Rec. Doc. No. 22 at 2; Rec. Doc. No. 1-2.
[7] Rec. Doc. No. 23-2 at 4.

met. State Farm further attempts to adduce possible damages on claims for mental anguish and loss of use; however, the Court must strictly construe the removal statute, and concludes that State Farm has not borne its burden in proving by a preponderance that the amount in controversy exceeds $75,000.[8]

IV. Conclusion

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion for Remand (Rec. Doc. No. 9) be **GRANTED**.

New Orleans, Louisiana, this 25th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[8] Although post-removal affidavits and the like are not sufficient to destroy the propriety of the removal, *Gebbia v. Wal-Mart Stores*, Inc., 233 F.3d 880, 883 (5th Cir. 2000), the Court's decision is supported by the proposed joint binding stipulation and renunciation of right to enforce judgment and claims in excess of $75,000.